# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:14-CV-45
# BANKRUPTCY CASE NO. 12-10848

| | |
|---|---|
| IN RE: ) | |
| ) | |
| AMY HOPE CHILSON, ) | |
|     Debtor, ) | |
| _____ ) | |
| ) | **MEMORANDUM AND** |
| LANGDON M. COOPER, ) | **OPINION** |
| TRUSTEE, ) | |
|     Appellant, ) | |
| ) | |
| vs. ) | |
| ) | |
| AMY HOPE CHILSON, ) | |
|     Appellee. ) | |
| _____ ) | |

Langdon M. Cooper, the Chapter 7 Trustee ("Trustee") below, appeals the Bankruptcy Court's February 13, 2014, Order [B Doc. 39][1] granting the Debtor's Motion for Reconsideration. [B Doc. 34]. For the reasons that follow, the Court will dismiss the Trustee's appeal without reviewing the merits of the questions raised.

---

[1] Citations to the record in Bankruptcy Case No. 1:12-BK-10848 (W.D.N.C.) have the prefix letter B before the document number referenced on the Docket Sheet. Citations to the record in this Court contain the relevant document number referenced with no prefix letter.

## PROCEDURAL BACKGROUND

On October 24, 2012, Amy Hope Chilson ("Debtor") filed a voluntary Chapter 7 Petition. [B Doc. 1]. The Debtor claimed one individual retirement account held by Merrill Lynch both as personal property on Schedule B of her Petition and as property exempt from her Bankruptcy Estate on Schedule C. [B Doc. 1 at 7; 9]. On November 28, 2012, the Trustee held a meeting of creditors as required by 11 U.S.C. § 341(a). [B Doc. 3]. At the creditors' meeting, the Trustee spoke with a listed creditor and the Debtor's former husband, Gary Chilson, who provided the Trustee with copies of the separation agreement and New York divorce decree terminating the Chilsons' marriage in 2007. [B Doc. 31-1]. Upon reviewing these documents, the Trustee learned that Mr. Chilson maintained an individual retirement account with TIAA CREF containing money he earned while married to the Debtor, a portion of which was adjudged to be the property of the Debtor in 2007 pursuant to the divorce decree. [Id.]. Specifically, paragraph 5.3.3 of the separation agreement, which was incorporated into the divorce decree [Id. at 2], states:

> For his TIAA CREF account, the Husband will transfer one half of the current balance, plus any applicable investment gains and less any losses on that portion of the Wife's share from the date this Agreement is executed until distribution to the Wife through a qualified domestic relations order in a form acceptable to the Plan Administrators.

[Id.]. No qualified domestic relations order was ever prepared or executed. Consequently, the Debtor's retirement money – that portion of her ex-husband's TIAA CREF retirement account belonging to her by judicial decree – was never removed from Mr. Chilson's IRA. [B Doc. 28 at 1].

On October 4, 2013, the Trustee moved the Bankruptcy Court, in accordance with 11 U.S.C. § 542, for an order directing the Debtor's former spouse to turnover to the Trustee the Debtor's share of funds held in his TIAA CREF account. [B Doc. 25]. Shortly thereafter, the Debtor moved the Bankruptcy Court to amend Schedules B and C of her Petition to claim these funds both as personal property and as exempt from her Bankruptcy Estate. [B Doc. 26]. The parties responded to each other's motions after which the Bankruptcy Court entered an Order on December 27, 2013, granting the Trustee's motion for turnover of the Debtor's retirement funds and denying the Debtor's motion to amend her Petition. [B Doc. 33]. Fourteen days later, the Debtor filed two motions. Her first motion asked the Bankruptcy Court to reconsider its December 27, 2013, Order. [B Doc. 34]. The Trustee responded thereto. [B Doc. 36]. Her second motion sought an extension of time to give notice of appeal in the event the Bankruptcy Court denied her first motion. [B Doc. 35].

On February 4, 2014, the Bankruptcy Court heard the Debtor's motions. [B Doc. 43]. At the hearing, the Debtor's attorney acknowledged that his "research wasn't as thorough as I thought it was originally," and provided the Bankruptcy Court with additional precedent he argued supported the Debtor's position that the portion of the retirement money held in Mr. Chilson's TIAA CREF account adjudged to be her retirement funds were exempt property under state law. [Id. at 3-8]. The Trustee countered that, procedurally, Fed.R.Civ.P. 60 did not provide the proper mechanism to effectuate the relief requested by the Debtor. [Id. at 8-9]. In response to the Debtor's substantive argument, the Trustee maintained (as he has previously asserted) that the Debtor's retirement money held in Mr. Chilson's retirement account represented nothing more than a right to payment inuring to the benefit of the Debtor. [Id. at 10-11]. As such, according to the Trustee, the Debtor's funds were subject to being turned over to him as correctly determined by the Bankruptcy Court's December 27, 2013, Order. [Id. at 11]. During the hearing, however, the Trustee objected to the Debtor's tardiness in offering additional pertinent case law, asserting that he did not have sufficient time to review the materials submitted in court by the Debtor. [Id.]. After hearing the arguments of counsel, the Bankruptcy Court granted the Debtor's motion and agreed to

reconsider its December 27, 2013, Order. [Id.]. The hearing transcript reflects the following exchange between the Bankruptcy Court and counsel for the Trustee:

> THE COURT: Well, I think I ought to consider these matters. And so I'll grant the motion to reconsider and will consider this new material. And, Ms. Youngs, how long do you want to respond to that?
>
> MS. YOUNGS: If I can have two weeks to file –
>
> THE COURT: Okay.
>
> MS. YOUNGS: -- a memorandum?
>
> THE COURT: We'll give you two weeks to respond and then I'll enter an order after that, so.[2]
>
> * * * * * * * * *
>
> THE COURT: When I see the response I'll go to work and get some sort of order out to you, okay?

[Id. at 11-12].

The record in the Bankruptcy Court indicates that the Trustee did not file any memorandum fourteen days after the February 4, 2014, hearing. Due to this omission, the Bankruptcy Court did not enter any further order, upon reconsideration, regarding how the Debtor's retirement funds should

---

[2] The Bankruptcy Court's written Order was consistent with this exchange. "Because the Court is granting the Motion to Reconsider, the Debtor's Motion to Extend Time is moot. Counsel for the Trustee has fourteen (14) days from the date of this Order to submit a legal memorandum in support of the Trustee's position as to the application of the law of the domestic case with regard to the funds at issue." [B Doc. 39].

5

be treated with regard to her Bankruptcy Estate. [B Docket Sheet]. Fifteen days after the Bankruptcy Court's hearing, the Trustee filed a "Notice of Appeal and (Alternative) Motion for Leave to Appeal" on February 19, 2014. [Doc. 1].

## DISCUSSION

In her brief, the Debtor raises, as an initial issue, this Court's appellate jurisdiction. The Debtor argues that appellate jurisdiction here is not proper because the Trustee is seeking to appeal an interlocutory order of the Bankruptcy Court. [Doc. 6 at 5]. Section 158(a)(1) of Title 28 gives district courts jurisdiction to hear appeals "from final judgments, orders, and decrees" entered by bankruptcy courts. The concept of finality in bankruptcy cases has traditionally been applied in a more pragmatic and less technical way than in other situations. Gold v. Guberman (In re Computer Learning Centers, Inc.), 407 F.3d 656, 660 (4th Cir. 2005) (internal quotations and citations omitted). Despite the flexibility of this pragmatic approach, the order appealed must nevertheless dispose of a discrete dispute within the larger case. Id.

In the present matter, during the February 4, 2014, hearing, the Bankruptcy Court simply agreed to reconsider its December 27, 2013, Order. The Bankruptcy Court, on the record, expressly contemplated

further deliberations with respect to the treatment of the Debtor's retirement funds. It took no further action, however, with regard to its December 27, 2013, Order presumably because it was awaiting the Trustee's memorandum responsive to the Debtor's authority. A final order is a decision by a court that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment. <u>Ballard v. Baldridge</u>, 209 F.3d 1160, 1160-61 (9th Cir. 2000) <u>citing</u> <u>Catlin v. United States</u>, 324 U.S. 229, 233 (1945) and <u>Coopers & Lybrand v. Livesay</u>, 437 U.S. 463, 467 (1978). It is for this reason that Rule 60 orders vacating or reconsidering judgments, without more, are interlocutory and not final orders. <u>See</u> <u>Parks v. Collins</u>, 761 F.2d 1101, 1103-04 (5th Cir. 1985) (when an order granting a Rule 60(b) motion merely vacates the judgment and leaves the case pending for further determination the order is akin to an order granting a new trial and is interlocutory); <u>Resnik v. La Paz Guest Ranch</u>, 289 F.2d 814, 817 (9th Cir. 1961) (same). Accordingly, the Court concludes that the Bankruptcy Court's February 13, 2014, Order resolved nothing in this litigation and thus is not "final" subject to appeal.

Because the Bankruptcy Court's February 13, 2014, Order is interlocutory, the Trustee can only appeal by leave of court. 28 U.S.C. 158(a)(3). While the Trustee filed an alternative motion for leave to appeal,

7

he fairs no better with this argument.  Section 158 is silent as to the factors a court should consider in analyzing an appellant's motion filed thereunder.  When seeking leave to appeal an interlocutory order or decision under the Interlocutory Appeals Act of 1958, 28 U.S.C. § 1292(b), the appellant must demonstrate "that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment."  Coopers & Lybrand, 437 U.S. at 474.  Borrowing from the Supreme Court's approval of the standard set forth in § 1292(b), leave to file an interlocutory appeal from a bankruptcy order under § 158 should be granted only when 1) the order involves a controlling question of law, 2) as to which there is a substantial ground for a difference of opinion, and 3) immediate appeal would materially advance the termination of the litigation.  28 U.S.C. § 1292(b); KMG Peat Marwick, L.L.P. v. Estate of Nelco, Ltd., 250 B.R. 74, 78 (E.D. Va. 2000); In re Swann Ltd. Partnership, 128 B.R. 138, 140 (D. Md. 1991); In re Energy Insulation, Inc., 143 B.R. 490, 493 (N.D. Ill. 1992); In re Neshaminy Office Bldg. Assoc., 81 B.R. 301, 303 (E.D. Pa. 1987).

The Fourth Circuit has explained – when examining the first factor concerning a "controlling question of law" – that the reviewing court should consider whether the putatively appealable order conclusively determines a

disputed question.  Cobra Natural Resources, LLC, v. Fed. Mine Safety and Health Rev. Comm'n, 742 F.3d 82, 88 (4th Cir. 2014).  "Clearly, if a court or agency expressly holds open the possibility of reconsideration, a collateral order appeal should not be authorized."  Id. (citations omitted).  In this case, the Bankruptcy Court expressly held open any decision regarding its December 27, 2013, Order, in anticipation of the Trustee's forthcoming memorandum he requested additional time to prepare.  Given that the Bankruptcy Court has yet to alter its own ruling, it has not conclusively determined any disputed question.  There is no justification for authorizing an interlocutory appeal to address an indeterminate issue. If the Court were to entertain the Trustee's appeal at this stage, it would only serve to remove from the Bankruptcy Court the disposition of the underlying question of law (which is yet to be resolved in that Court) and transfer such disposition to this Court.  That, of course, would not be an appeal at all.  Thus, the Trustee's motion for leave to appeal should be denied.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Trustee's "Motion for Leave to Appeal" [Doc. 1] is hereby **DENIED**.

**IT IS FURTHER ORDERED** that, to the extent the Trustee attempted to appeal the Bankruptcy Court's February 13, 2014, Order [B Doc. 39], such appeal is **DISMISSED**.

**IT IS SO ORDERED**.

Signed: October 21, 2014

Martin Reidinger
United States District Judge